**C/M**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                          :
REGINA LEWIS,                                             :
                                                          :
                      Plaintiff,                          :
                                                          :
           - against -                                    :        <u>**DECISION & ORDER**</u>
                                                          :
VERNON BRODERICK, U.S. DISTRICT                           :        14 Civ. 6947 (BMC)
JUDGE; K. ASK-CARLSON (WARDEN);                           :
MR. FACEY UNIT MANAGER; DAMIAN                            :
WILLIAMS AUSA; MARTIN COHEN ESQ.;                         :
RICHARD ROSENBERG ESQ.; LLOYD                             :
EPSTEIN ESQ.                                              :
                                                          :
                      Defendants.                         :
--------------------------------------------------------------X

**COGAN,** United States District Judge:

      Plaintiff, currently incarcerated in the Metropolitan Detention Center in Brooklyn, New

York, brings this *pro se* action alleging that Defendants violated her rights during a pending

criminal proceeding.  The Court grants Plaintiff's request to proceed *in forma pauperis* for the

limited purposes of this order.  The Court dismisses the complaint for the reasons set forth below.

<b>STANDARD OF REVIEW</b>

      The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); <u>see</u> <u>Abbas v. Dixon</u>, 480 F.3d

636, 639 (2d Cir. 2007).  While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009), and

interpret them to raise the "strongest [claims] that they *suggest*."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

Plaintiff has previously submitted to this Court a substantially similar complaint against Judge Vernon Broderick, Assistant United States Attorney Damian Williams, and defense attorneys Lloyd Epstein, Martin Cohen, and Richard Rosenberg, alleging that they violated her constitutional rights during her criminal prosecution.  That case was before me under docket number 14-CV-6946 (BMC); by order of even date, I dismissed that complaint because it was sought relief from defendants who were immune from such relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Because this complaint, in part, raises the same claims against the same defendants, plaintiff's claims against Defendants Broderick, Williams, Epstein, Cohen, and Rosenberg are dismissed for the reasons set forth in that order.

The instant complaint differs only in that it adds individual defendants K. Ask-Carlson (Warden) and Mr. Facey Unit Manager to its caption.  As a prerequisite to a damages award under Bivens, a plaintiff must allege the defendants' direct and personal involvement in the alleged constitutional deprivation.  See Thomas v. Ashcroft, 470 F.3d 491, 496-97 (2d Cir. 2006). Plaintiff provides no facts about what these individual defendants did or failed to do.  Because Plaintiff fails to allege any facts to support a plausible inference that Defendants Ask-Carlson and Facey were personally involved in the alleged violations, she fails to state a claim for relief against these Defendants.  Plaintiff's claims against Defendants Ask-Carlson and Facey are therefore dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2

The Clerk of Court is directed to enter judgment dismissing the complaint. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**


_____
U.S.D.J.

Dated: Brooklyn, New York
      October 28, 2014